[No. 2312.]

SMITH V. MORRISON.

**Pleading—Practice—Instructions—Verdict.**

Plaintiff sued defendant for a certain sum due on an individual account, and defendant counterclaimed for a greater sum, claimed to be due on a partnership accounting.   The court directed the jury to find for plaintiff the sum claimed in his complaint, and that if they found for defendant on his counterclaim they should assess his damage not to exceed the sum claimed in the counterclaim.   The jury returned a verdict for defendant for the full amount claimed in the counterclaim.   Held, that the verdict was not in accordance with the instructions, but for a larger sum than the instructions permitted.   That under the instructions the jury were not permitted to find for defendant a greater sum than the amount claimed in the counterclaim less the amount sued for in plaintiff's complaint.

*Appeal from the District Court of Arapahoe County.*

Mr. THOMAS H. HARDCASTLE, for appellant.

Messrs. WARD & WARD, for appellee.

GUNTER, J.

The complaint alleged an indebtedness from appellee to appellant of $369.85 for money loaned and money paid out for appellee at his request, and prayed judgment for such sum with interest.

The answer alleged that appellant and appellee entered into a partnership undertaking, that said sum was advanced by appellant for necessary expenses thereof, and was to be paid appellant out of its profits; that from the profits appellant had received such advance.

As a counterclaim, appellee alleged the partnership undertaking, that said sum was advanced by appellant for expenses thereof, and was payable only out of its profits; that said partnership was closed; that there was due appellee from appellant as his share of the profits the sum of $500.00; denied payment and prayed judgment for $500.00. A replication put in issue the allegations of the answer. A jury trial resulted in judgment for appellee of $500.00. Therefrom this appeal.

By the complaint, the first ground of defense and replication, the issue was presented whether appellee was indebted to appellant in the sum of $369.85 for such amount claimed to have been advanced to him individually. By the counterclaim and replication thereto the issues were presented whether the amount claimed in the complaint was a part of the expenses of the partnership undertaking; also whether appellant was indebted to appellee as a balance on such undertaking in the sum of $500.00.

As to the cause of action stated in the complaint, the court charged—instruction No. 6:

"The jury are instructed that the correctness of the plaintiff's account against the defendant for money lent to the defendant or paid for him at his request by the plaintiff, as alleged in the complaint as shown by the plaintiff's evidence, amounting to $369.85, with interest thereon from April 6, 1899, is admitted by the defendant's pleadings, and the same is a valid and proper charge against the defendant and in favor of the plaintiff in the accounts between them in this action."

There were two accounts between the parties in the action. One was the individual account sued on in the complaint, and the other the partnership account sued on by appellee in the counterclaim. This instruction told the jury to find for appellant upon the cause of action stated in the complaint; that is, to find that appellee was indebted to appellant in the sum there claimed, to wit, $369.85, with interest. Of this instruction counsel for appellee say:

"As to the objection discussed at page 24 of appellant's brief, the court's instruction to the jury to find for plaintiff on his complaint for $369.85 (page 71, abstract, instruction No. 6) does away with all irregularity of explanatory testimony. The court solved that question by instructing the jury that the item $369.85 was a personal charge against defendant. That ended all contentions. And the jury followed this instruction when they rendered their verdict for $500; because the evidence shows that there was still more than $500 coming to defendant after the personal loan had been deducted from defendant's share of the partnership profits."

The amount claimed in the complaint was thus withdrawn from the jury as a partnership matter, and was fixed as a definite sum due from appellee to

appellant on an individual account. The jury was not permitted to consider it in determining the amount claimed to be due from appellant to appellee on the counterclaim. The instruction was not objected to by either party.

As to the counterclaim, the court charged:

"Also, defendant sets forth a counterclaim in which it is substantially alleged that on the 5th day of November, 1898, plaintiff and defendant entered into agreement to operate under a lease a certain mill located at White Pine, Gunnison county, Colorado; that the same was a partnership agreement in which each partner was to receive one-half of the profits of said business; and it is claimed that plaintiff has received, over and above his just share, certain profits belonging to defendant in the sum of $500.00, and defendant asks judgment against the plaintiff for the sum of $500.00 on his alleged counterclaim."

And instruction No. 3:

"The court instructs the jury that the defendant has put in a counterclaim against the plaintiff in the sum of $500.00 for profits made upon the mill and not turned over to the defendant. If you find by a preponderance of the evidence that the profits were made in the operation of the mill or in a sale thereof, you should find upon the counterclaim for the defendant and assess his damages in such sum as the evidence shows is due the defendant by the terms of the cross-complaint, though you shall not find in excess of the sum of $500."

Under the instructions but one question was left to the jury, and that was the amount due, if anything, upon the counterclaim, and this under two limitations; the sum claimed to be due in the complaint must not be considered in determining the balance claimed to be due on the counterclaim; further, the finding on the counterclaim must not exceed $500.00.

The verdict was: "We, the jury, find the issues herein joined for the defendant upon the defendant's counterclaim and assess his damages at the sum of $500.00." By instruction the court had declared that appellee was indebted to appellant upon the cause of action stated in the complaint in the sum of $369.85, and had submitted to the jury only the question of the alleged indebtedness of appellant to appellee on the counterclaim. The verdict of the jury was only on the counterclaim, and was that appellant was indebted to appellee thereon in the sum of $500.00. The judgment of the court, if these results were accepted, should have been for appellee for the difference between them, but it was not, it was for $500.00. The judgment was for a larger sum than the instructions of the court justified. Counsel for appellee say:

"And the jury followed this instruction (No. 6) when they rendered their verdict for $500.00, because the evidence shows that there was still more than $500.00 coming to defendant after the personal loan had been deducted from defendant's share of the partnership profits."

The verdict cannot be sustained on this theory, because that would be to permit the jury to allow a larger sum on the counterclaim than the pleadings or the instructions permitted. To allow sufficient on the counterclaim to discharge the $369.85 individual indebtedness from appellee to appellant, and then find appellant indebted to appellee in the sum of $500 would be to permit an allowance on the counterclaim in the sum of $869.85, when, by the pleadings and the instructions not more than $500 could be awarded thereon. If we were satisfied that the jury did not consider the $369.85 when it made its finding on the counterclaim, we might be justified in ordering judgment for the difference between the amount found by the verdict and the sum ordered to be

allowed upon the complaint by the court.    But we are not so satisfied.

The judgment must be reversed.

*Reversed.*